Virginia **EASTER**, Plaintiff-Appellee, Cross-Appellant,

v.

The **JEEP CORPORATION**, Defendant-Appellant, Cross-Appellee.

Nos. 82–3726, 82–3756.

United States Court of Appeals, Sixth Circuit.

Argued April 17, 1984.

Decided Dec. 14, 1984.

Rolf H. Scheidel, Shumaker, Loop & Kendrick, Toledo, Ohio, Marilyn Shea-Stonum, Charles H. Moellenberg, Jr. (argued), Jones, Day, Reavid & Pogue, Cleveland, Ohio, Alexander J. McCloskey, American Motors Corporation, Southfield, Mich., for defendant-appellant, cross-appellee.

Robert J. Affeldt (argued), Robert J. Affeldt, Inc., L.P.A., Sylvania, Ohio, Wilbur C. Jacobs, Jacobs & Curtis, Toledo, Ohio, for plaintiff-appellee, cross-appellant.

Before KEITH and KRUPANSKY, Circuit Judges, and BROWN, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

This appeal and cross-appeal resulted from a judgment of the United States District Court for the Northern District of Ohio, 538 F.Supp. 515 (1982), resolving a sex discrimination suit initiated by plaintiff-appellee and cross-appellant, Virginia Easter (Easter), against defendant-appellant and cross-appellee, Jeep Corporation (Jeep), pursuant to 42 U.S.C. § 2000e *et seq.*

Easter initiated suit against Jeep on July 17, 1971 alleging that she had been constructively discharged as a result of a continuous course of sexually discriminatory conduct directed toward her by other employees of Jeep, which was tolerated and fostered by Jeep's management. Easter alleged a cause of action against Jeep on her own behalf and additionally asserted claims of sex discrimination in violation of 42 U.S.C. § 2000e *et seq.* on behalf of a purported class of all past and present female employees at Jeep's Toledo, Ohio plant. The district court permitted the case to proceed as a conditional class action encompassing all of Jeep's female production and non-production employees and tried the class action in conjunction with Easter's individual claim of sex discrimination.

On November 18, 1975, the district court granted judgment for Easter on her individual claim of constructive discharge, but dismissed the class action claim upon determining that the evidence failed to support a finding that Jeep engaged in a pattern or practice of conduct which discriminated against the class of past and present female employees of Jeep on the basis of their sex. However, because the district court believed that "there are a few particular individual employees who may be able to show that they were discriminated against because of their sex," the district court directed Jeep to notice its female employees hired subsequent to July 1, 1965

of an opportunity to join as individual party plaintiffs.

Easter pursued an interlocutory appeal of the district court's findings and subsequent failure to provide injunctive relief to the purported class pursuant to 28 U.S.C. § 1292(a)(1). On August 29, 1977, this court affirmed "so much of the order appealed from as denies interlocutory injunctive relief to the plaintiff," and in all other respects, dismissed the appeal as beyond its jurisdiction. This court noted, however, "considerable confusion" concerning the district court's dismissal of the class action and urged the district court, upon remand, "to consider anew the form of the order entered dismissing the class action in light of the particular requirements of [Fed.R. Civ.Proc. 23]." Specifically this court stated:

> While the court does not find clearly erroneous the factual determinations made by the trial court, either with respect to the class action or with respect to the individual claim of plaintiff Easter, it is apparent from a careful review of the record that considerable confusion exists with respect to the class action aspects of this case. The trial court, on remand, is urged to consider anew the form of the order entered dismissing the class action in the light of the particular requirements of Rule 23, Federal Rules of Civil Procedure. In this respect, the court notes that ordinarily when an action has been certified as a class action, whether conditionally or not, and has proceeded to trial on the merits as such, Rule 23(c)(3) would appear to contemplate that a judgment on the merits should be entered rather than a judgment dismissing the complaint unless good cause appears for a decertification of the class action, with the consequent result that the principal [sic] of res judicata would not apply to the class action allegations.

On remand, the district court, following this court's suggestion, vacated the dismissal of the class action and entered judgment against the class. In doing so, the district court held: "It is clear that the case was tried on the merits as to liability and therefore the class must accept the risks as well as the benefits involved in the litigation."

On April 12, 1979, the initial trial judge (the trial judge) conducted a hearing on Easter's claims for back pay. After a two-year delay during which the trial judge failed to issue a decision regarding an award of backpay, Easter's counsel moved to recuse the trial judge alleging that he could not act impartially towards Easter as manifested by his adverse rulings against Easter's counsel in other cases. The trial judge reluctantly transferred the case, noting that the motion for recusal was a "masterpiece of bad timing" because he had recently completed, but not yet issued, "a memorandum awarding the plaintiff very substantial relief." The case was transferred to the Chief Judge of the Northern District of Ohio (the Chief Judge), whereupon Easter petitioned to have the case returned to the trial judge. Over Jeep's objection, the Chief Judge granted Easter's motion. The trial judge thereupon entered judgment on January 25, 1982, awarding Easter backpay in the amount of $190,-375.88. Additionally, on October 21, 1982, the trial judge awarded Easter $90,188.76 in attorney's fees as a prevailing party on her individual discrimination claim. The present appeal ensued.

On appeal, Jeep initially asserts that the district court erred in concluding that Easter had been constructively discharged from her employment at Jeep. This court recently concluded in *Held v. Gulf Oil Co.*, 684 F.2d 427 (6th Cir.1982), that the validity of a constructive discharge claim depends upon the facts of each case and requires an inquiry into the intent of the employer and the reasonably foreseeable impact of the employer's conduct upon the employee. Additionally, this court ruled that, "a finding of constructive discharge requires the determination that ... working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt com-

pelled to resign." *Id.* at 432, *quoting Bourque v. Powell Electrical Mfg. Co.*, 617 F.2d 61, 65 (5th Cir.1980). *See also Irving v. Dubuque Packing Co.*, 689 F.2d 170 (10th Cir.1982).

The Supreme Court has mandated that a finding of discrimination is subject to the clearly erroneous rule under Fed.R.Civ. Proc. 52(a). *Pullman-Standard Division of Pullman, Inc. v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982); *Dayton Board of Education v. Brinkman*, 443 U.S. 526, 99 S.Ct. 2971, 61 L.Ed.2d 720, *reh'g denied*, 444 U.S. 887, 100 S.Ct. 186, 62 L.Ed.2d 121 (1979). In defining the parameters of the "clearly erroneous" standard, the Supreme Court, in *United States v. United States Gypsum*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746, *reh'g denied*, 333 U.S. 869, 68 S.Ct. 788, 92 L.Ed. 1147 (1948), explained that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.*, 333 U.S. at 395, 68 S.Ct. at 542.

■ A review of the record transmitted to this court on appeal does not reflect that the district court's determination that Easter was constructively discharged was clearly erroneous. The district court found that Easter's resignation from Jeep constituted a classic constructive discharge arising out of Jeep's indifference to and toleration of sexually harassing conduct toward Easter by other employees. Indeed, the record disclosed that at the time she was originally employed by Jeep on March 4, 1968, Easter was only one of three women employed in a supervisory capacity. The evidence further indicated that, on numerous occasions, other employees informed Easter that they would not submit to her authority because she was a woman, that women had no business telling men what to do, that women were useful only as sex objects, and that she should be humble. They also made threats against Easter's family should she persist in working at Jeep. Easter's supervisor testified that he had expected that Easter would encounter conflict as one of Jeep's first women supervisors, yet, when Easter complained to him about the sexually discriminatory conduct directed toward her, no action was taken to correct or discourage such behavior. Moreover, although Easter's immediate supervisor awarded her a merit increase in salary, Easter was informed that she was incapable of performing supervisory work and was denied a promotion and threatened to be placed under the supervision of an individual who classified Easter's position as an "unnecessary frill."

The district court did not err in determining that the events formed a continuous course of discriminatory conduct which was linked to plaintiff's sex and Jeep's belief that women and management did not mix. Moreover, the record supports the district court's conclusion that management tolerated the environment of sexual bias. Based upon the foregoing, it is evident that the district court's resolution that the plaintiff's resignation constituted a constructive discharge was not clearly erroneous.

■ On her cross-appeal, Easter asserts that the district court violated the due process rights of absent class members when, upon remand, it entered judgment against the class on its claim against Jeep. However, the district court, upon remand, reaffirmed the class action as originally certified, and pursuant to this court's suggestion on the interlocutory appeal, the district court vacated its previous dismissal of the class action and entered judgment against the class. Thus, the district court did not decertify the class; rather it rendered judgment against the class upon its determination, after a trial upon the merits of the class claim, that the evidence failed to support the charge that Jeep engaged in a pattern or practice of discrimination against the class. The trial on the merits, therefore, provided the class adequate protection of its due process rights.

■ Easter also assigns as error the district court's failure to provide absent class members with notice of the pending litigation prior to the entry of judgment against

524

the class on its sex discrimination claims. In *Alexander v. Aero Lodge No. 735*, 565 F.2d 1364 (6th Cir.1977) *cert. denied*, 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978), this court noted that Title VII actions are particularly well-suited for class action treatment under Fed.R.Civ.Proc. 23(b)(2) and recognized that failure to provide prejudgment notice to individual class members does not violate Rule 23 or constitutional requirements of due process. *See also Johnson v. General Motors Corp.*, 598 F.2d 432 (5th Cir.1979). Thus, Easter's claim that the district court failed to supply the individual class members with notice is without merit. The district court's disposition of the class discrimination charge against Jeep was not clearly erroneous. Accordingly, the judgment of the district court as to the class action is affirmed.

 The final issue on this appeal concerns the trial judge's recusal at the insistence of Easter's attorney and the subsequent reassignment of the case to the trial judge after his statement that the recusal motion was a "masterpiece of bad timing" because he had recently completed but not issued "a memorandum awarding the plaintiff very substantial relief." Jeep asserted that returning the case, over its objection, to a once recused judge violated all appearance of impartiality, and that the mere fact that a recusal order was entered "altered irreversibly the possibility that the trial judge could thereafter be perceived as handling this litigation in an even-handed fashion." In light of the circumstances surrounding the case *sub judice*, the Chief Judge's reassignment of the case to the recused trial judge for final disposition constituted reversible error. The trial judge's statement, after his recusal, that he would have awarded Easter a substantial recovery, rendered his impartiality thereafter susceptible of doubt. Thus, the trial judge erred both by accepting the case after once recusing himself and by disclosing his intended resolution of the case.

Accordingly, the district court's finding that Jeep had discriminated against Easter individually and its judgment against the class are affirmed. The judgment is reversed as to the amount awarded as back pay and attorney fees. Accordingly, the case is remanded to the Northern District of Ohio, Western Division, for reassignment to a judge other than the trial judge for an expedited hearing to determine an appropriate amount to be awarded to Easter as back pay and attorney's fees.