815 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patricia Ann BUTLER, Plaintiff-Appellant,
v.
SHARP MANUFACTURING COMPANY OF AMERICA, Defendant-Appellee.
 No. 85-6076.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1987.
 
 Before ENGEL and MORRIS, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Patricia Ann Butler, a former industrial engineer with defendant, Sharp Manufacturing Company, complains on appeal, as she did unsuccessfully to the district court, that she was the victim of discrimination based upon sex and, as a result, is entitled to damages. She grounds her complaint upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-2(a), the equal-pay provision of the Fair Labor Standards Act, 29 U.S.C. Secs. 206(d) and 215(a)(2), and the no-retaliation provision of Title VII, 42 U.S.C. Sec. 2000e-3(a), as a result of her alleged constructive discharge.
 
 
 2
 Following a bench trial, the district court, in its findings of fact, found that only one of her male comparators, Richard Lunsford, performed a substantially similar job, warranting a salary comparison. With regard to him, the district court found that no disadvantageous salary differential existed. In addition, the district court determined that the salary of each of the alleged comparators was awarded based upon a multitude of individual criteria, which differed in each instance, that the duties and backgrounds of the industrial engineers were so distinct that they were not "fungible commodities affording easy comparison," and, accordingly, concluded that salary differentials were based upon factors other than sex. Finally, the district court found that plaintiff was not constructively discharged.
 
 
 3
 Our review of the record leads us to conclude that the district court's findings are rationally based upon the evidence adduced at trial and, consequently, cannot be said to be clearly erroneous. See Fed.R.Civ.P. 52(a).
 
 
 4
 Plaintiff claimed defendant violated the equal-pay provision of the Fair Labor Standards Act, which provides:
 
 
 5
 No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: Provided, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.
 
 
 6
 29 U.S.C. Sec. 206(d)(1). Pursuant to this section, a plaintiff must prove that an employee of the opposite sex performed job duties which are substantially equal in skill, effort and responsibility, and that the comparator was paid a greater salary. In view of the district court's factual findings, plaintiff failed to carry her burden of proving a prima facie case under the statute.
 
 
 7
 Plaintiff also bases her sex discrimination complaint on Title VII of the Civil Rights Act of 1964. The requirements for establishing a prima facie case under the two acts may differ. See County of Washington v. Gunther, 452 U.S. 161, 167-71 (1981); Henry v. Lennox Indus., Inc., 768 F.2d 746, 752 (6th Cir.1985). Although plaintiff correctly points out that the district court failed to specifically address the Title VII basis for her sex discrimination claim, that failure does not constitute reversible error under the circumstances of this case. Congress, by enacting 42 U.S.C. Sec. 2000e-2(h), incorporated into Title VII sex-based wage discrimination claims the four enumerated defenses found in the Fair Labor Standards Act, and quoted above. The district court found that facts existed to establish the fourth defense--a salary differential based upon any other factor other than sex. Accordingly, any error on the part of the district court in not specifically addressing the Title VII claim was harmless, since that same defense barred plaintiff's successfully prosecuting that claim.
 
 
 8
 Finally, plaintiff contends that defendant's retaliatory conduct following her filing of a complaint with the EEOC, alleging sex discrimination, and culminating in her departure from Sharp's employment, amounted to an unlawful constructive discharge. Plaintiff contends that she received generally good performance appraisals prior to filing her complaint, but that, after the filing, her performance reviews substantially deteriorated, despite her job performance remaining constant. These poor reviews, she claims, forced her to leave Sharp's employment. After reviewing the relevant evidence, the district court concluded "that the proof does not support a finding for the plaintiff."
 
 
 9
 In order to establish a violation of the no-retaliation provision of Title VII, 42 U.S.C. Sec. 2000e-3(a), plaintiff must first establish the basis, namely, that there was statutorily protected participation or opposition; second, the issue, an adverse employment action, such as discharge; and, finally, a causal connection between the basis and the issue. See B. Schlei & P. Grossman, Employment Discrimination Law 534 (2d ed. 1983). Plaintiff complains that the adverse employment action was a constructive discharge. In this circuit:
 
 
 10
 The issue of constructive discharge depends on the facts of each case and "requires an inquiry into the intent of the employer and the reasonably foreseeable impact of the employer's conduct on the employee." Held v. Gulf Oil Co., 684 F.2d 427, 432 (6th Cir.1982). A constructive discharge exists if working conditions are such that a reasonable person would feel compelled to resign. Id.; Easter v. Jeep Corp., 750 F.2d 520, 522-23 (6th Cir.1984).
 
 
 11
 Henry v. Lennox Indus., Inc., 768 F.2d at 751-52 (footnote omitted).
 
 
 12
 Whether or not an employee is constructively discharged is a factual determination. See, e.g., Geisler v. Folsom, 735 F.2d 991, 996 (6th Cir.1984). Since we are unable to say that the district court's failure to find a constructive discharge was clearly erroneous, plaintiff failed to establish the requisite adverse employment action--a predicate to a prima facie showing of a violation of 42 U.S.C. Sec. 2000e-3(a).
 
 
 13
 The judgment of the district court is affirmed.