50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maxine J. BANKS, Plaintiff-Appellant,
v.
STATE OF OHIO, REHABILITATION SERVICE COMMISSION, et al.,
Defendants-Appellees.
 No. 94-3866.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1995.
 
 Before: BROWN, NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This pro se Ohio litigant appeals a district court judgment dismissing her civil rights complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages and declaratory relief, Maxine Banks sued the Ohio Rehabilitation Services Commission and three commission employees. Prior to instituting this suit, Banks filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) alleging discrimination on the basis of race and age. The EEOC determined that it was not probable that Banks was discriminated against on the basis of race and age and issued a right to sue letter. In her complaint, Banks claimed that the defendants discriminated against her on the basis of her race, age, and gender, and that they violated her rights under the Thirteenth Amendment in violation of 42 U.S.C. Sec. 1981, and intentionally and/or negligently inflicted severe emotional distress. Subsequently, Banks expressly abandoned her gender discrimination claim in the district court and acknowledged that she had not presented it to the EEOC. Banks also apparently abandoned her Thirteenth Amendment and emotional distress claims in the district court.
 
 
 3
 Upon consideration of the defendants' motion for summary judgment and Banks's response, the district court granted summary judgment in favor of the defendants. Banks timely appeals that judgment, reasserting her race and age discrimination claims.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants. This court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252.
 
 
 5
 In her first claim, Banks argues that she was assigned a "seasoned" caseload (one that includes clients at various stages of rehabilitation) which was inherently more difficult to manage than the caseloads assigned to similarly-situated white employees. Allegedly, this more difficult caseload adversely affected her job performance and unfairly led to disciplinary and performance evaluation measures. In order to state a prima facie case for employment discrimination, a plaintiff must show membership in a protected class, an adverse employment action, previously satisfactory performance, and more favorable treatment of members of a non-protected class. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). In order to make a comparison of the treatment received by a discrimination plaintiff to that of a non-minority employee, the plaintiff must show that the "comparables" are similarly situated in all respects. Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir.1992) (citing Stotts v. Memphis Fire Dep't, 858 F.2d 289 (6th Cir.1988)).
 
 
 6
 The defendants met their initial burden of showing an absence of evidence to establish a prima facie case by showing that no one was similarly situated, or treated more favorably than she was. In affidavits in support of the motion for summary judgment, the defendants stated that Banks was hired to replace a departing employee, and she knew she was going to be assigned a "seasoned caseload." The defendants also stated that comparable employees, Mr. Stafford and an unnamed white male (the only persons against whom Banks measured her treatment) were hired to fill new positions and were assigned "scratch caseloads" (a caseload in which the employee has to initiate each case). Thus, the "comparable non-protected persons" were not similarly situated in all respects in the present case. The persons against whom Banks wishes to measure her treatment were specifically hired to fill new positions, while she was hired, and agreed to accept, a seasoned caseload. In addition, the defendants averred that Banks was disciplined because of documented performance problems whereas none of the other "comparable" employees were ever disciplined for unsatisfactory work performance.
 
 
 7
 Banks failed to present significant probative evidence in support of her claim in order to defeat the defendants' well-supported motion for summary judgment. Anderson, 477 U.S. at 248-49; LaPointe, 8 F.3d at 378. In her affidavit attached to her response to defendants' motion for summary judgment, Banks merely asserts that "scratch" caseloads are easier to manage than "seasoned" caseloads because one does not have to enter a "work in progress." She offers no evidence that persons outside of her protected class were given lighter caseloads or that managing a "scratch" caseload is more favorable that managing a "seasoned" caseload. Moreover, Banks offers no evidence that the persons against whom she judges her performance were similarly situated. Thus, her assertions are conclusory and fail to present any evidence whatsoever, much less significant probative evidence in support of her claim.
 
 
 8
 As a corollary to her first claim, Banks argues that the defendants discriminated against her on the basis of her age. Like claims brought under Title VII, the McDonnell Douglas formula is the evidentiary framework applicable to claims under the ADEA. Mitchell v. Toledo Hosp., 964 F.2d at 582. In order to prevail on the claim of disparate treatment using a "comparable non-protected person was treated better" element as one of the requisites, Banks must produce evidence which at a minimum establishes: 1) that she was a member of a protected class; and 2) that for the same or similar conduct she was treated differently than similarly situated non-minority employees. Id. at 582-83.
 
 
 9
 The defendants met their initial burden of showing an absence of evidence to support Banks's age discrimination claim for the same reasons set out in Banks's racial discrimination claim. In light of defendants' evidence, Banks was required, yet failed, to present significant probative evidence in support of her claim in order to defeat the defendants' well-supported motion for summary judgment. Anderson, 477 U.S. at 248-49; LaPointe, 8 F.3d at 378.
 
 
 10
 Finally, the defendants met their initial burden of showing an absence of evidence to support Banks's claim that she was constructively discharged. See Celotex Corp., 477 U.S. at 325. In addition to her claims of discriminatory treatment, Banks argues that the defendants' discriminatory treatment forced her to resign. In order to prevail on this claim, Banks would have to show that the defendants intentionally made working conditions so intolerable that a reasonable person in her position would feel compelled to resign. See Yates v. Avco Corp., 819 F.2d 630, 636-37 (6th Cir.1987); Easter v. Jeep Corp., 750 F.2d 520, 522-23 (6th Cir.1984). An employee can establish a constructive discharge claim by showing that a reasonable employer would have foreseen that a reasonable employee (or this employee, if facts peculiar to her are known) would feel constructively discharged. Wheeler v. Southland Corp., 875 F.2d 1246, 1249 (6th Cir.1989). Banks's perception of her situation is judged objectively, see Henry v. Lennox Indus., Inc., 768 F.2d 746, 752 n. 3 (6th Cir.1985), and a constructive discharge cannot be based upon the employee's subjective preference for one position over another. See Jett v. Dallas Indep. Sch. Dist., 798 F.2d 748, 755 (5th Cir.1986). Importantly, proof of discrimination alone is not a sufficient predicate for a finding of constructive discharge; there must be other aggravating factors. See Yates, 819 F.2d at 637.
 
 
 11
 Nothing in the record indicates that Banks's pay was cut, that she was abused or harassed, that she was required to perform demeaning tasks, or that she had a right to an easier caseload. Moreover, Banks was not formally discharged, and it is revealing to note that although Banks submitted a letter of resignation before her disciplinary hearing, she requested a rather open-ended extension of time before resigning. This extension of time indicates that working conditions were not intolerable or that she was compelled to resign. On the contrary, it clearly indicates that working conditions at the commission were not so unbearable that she could not continue drawing her pay, and that she did not feel compelled to resign until it suited her. Thus, Banks has failed to offer significant probative evidence sufficient to overcome the defendants' well-supported motion for summary judgment.
 
 
 12
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.