**Tyrone BROOKS, et. al., Plaintiffs,**

v.

**STATE BOARD OF ELECTIONS, et. al., Defendants.**

**No. CV 288–146.**

United States District Court, S.D. Georgia, Brunswick Division.

March 20, 1997.

Laughlin McDonald, Kathleen L. Wilde, Neil Bradley, Altanta, GA, J. Gerald Hebert, Dept. of Justice–Civil Rights Division, Washington, DC, for Tyrone Brooks, Lanette Stanley, Billy McKinney, Joe Beasley, Venus E.Holmes, Michael Robinson, Edward Brown, John White, Mary Young–Cummings, Mary Black, Willie Mays, William Young, Deanie Frazier, G.L. Avery, Rev. Dr. William Howell.

Stanley Curtis House, Charles Leslie Wilkinson, III, Augusta, GA, for Donald E. Cheeks, Emil Klingenfus, Ines Wylds, Richard Dyson, Vince Robertson.

William Jacob Cobb, David Frank Walbert, Ealbert & Mathis, Altanta, GA, Carol Atha Cosgrove, Atlanta, GA, for Georgia State Board of Elections, Max Cleland.

Edmund Booth, Augusta, GA, pro se.

Donna M. Murphy, Dept. of Justice, Civil Rights Division, Voting Section, Washington, DC, for U.S.

Thomas R. Burnside, Jr., Augusta, GA, pro se.

J. Taylor Phillips, Macon, GA, pro se.

Harold A. Johnson, Brunswick, GA, pro se.

A.C. Guhl, Social Circle, GA, pro se.

Walter C. McMillian, Jr., Sandersville, GA, pro se.

Harold D. McLendon, Dublin, GA, pro se.

Verna L. Smith, Dublin, GA, pro se.

Warren McLendon, Dublin, GA. pro se.

I.G. Dawson, Sr., Dublin, GA, pro se.

Harold Alexander, Atlanta, GA, for Emma L. Adams.

Diane Marie Morrell, Law Offices of Diane M. Morrell, Savannah, GA, Randal A. Mangham, Atlanta, GA, for Georgia Alliance of African–American Attorneys.

Harold Alexander, Atlanta, GA, pro se.

EDENFIELD, Chief Judge.

### ORDER

## I. INTRODUCTION

After nearly nine years of litigation in this Voting Rights Act ("VRA") class action, the representative Plaintiffs now move, under F.R.Civ.P. 23(d) and 41(a)(2), to decertify the class and dismiss the case without prejudice. They concede that intervening law forecloses the remedy they have sought; hence, they "no longer desire to prosecute their [VRA and constitutional] claim[s] and [maintain that they] can no longer represent the absent members of the class on th[e]se issue[s]." Doc. # 261 at 2. Opposing the motion, Defendants contend that the class should remain intact and that the complaint should be dismissed with prejudice. Alternatively, they argue that the complaint should be dismissed without prejudice but subject to substantial conditions.

## II. ANALYSIS

### A. F.R.Civ.P. 41(a)(2) Dismissals

■ Rule 41(a)(2)—which embodies a "quid pro quo" element—authorizes voluntary dismissal without prejudice "save upon order of the court and upon such terms and conditions as the court deems proper." While a plaintiff might choose to dismiss without prejudice for tactical reasons (e.g., to re-file in another jurisdiction), see, e.g., Der v. E.I. Dupont de Nemours & Co., 142 F.R.D. 344, 345 (M.D.Fla.1992), he must nonetheless face the imposition of any conditions that the court, in its discretion, concludes are just. See Ratkovich v. Smith Kline, 951 F.2d 155, 157–58 (7th Cir.1991); McCants v. Ford Motor Company, Inc., 781 F.2d 855, 856 (11th Cir.1986), aff'd after remand, 789 F.2d 1539 (11th Cir.1986).

■ Those conditions vary, depending upon whether the defendant has suffered any "legal prejudice." Courts impose few or no conditions early in a case, where the defendant at most faces the mere prospect of re-litigation in another forum. See D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2nd Cir.1996) (mere fact that the plaintiff can start "a lawsuit all over again does not constitute legal prejudice"); Holiday Queen Land Corp. v. Baker, 489 F.2d 1031, 1032 (5th Cir.1974) (mere "annoyance" of a second suit does not constitute legal prejudice).

In contrast, courts impose more stringent conditions where the case has reached an advanced stage. A particularly strong "legal-prejudice" showing may prompt a court simply to deny the without-prejudice motion outright. See, e.g., Phillips USA, Inc., v. Allflex USA, Inc., 77 F.3d 354, 357–58 (10th Cir.1996) (plaintiff's motion to dismiss without prejudice, made in the face of defendant's summary judgment motion, was properly denied); Tolle v. Carroll Touch, Inc., 23 F.3d 174, 177–78 (7th Cir.1994); Unida v. Levi Strauss & Co., 986 F.2d 970, 974–75 (5th Cir.1993).

Where legal prejudice is especially aggravated, some courts go beyond the scope of the plaintiff's motion and impose the ultimate condition: dismissal with prejudice. These situations have usually arisen where the

plaintiff waited until the defendant is on the verge of triumph to move for a Rule 41(a)(2) dismissal. *See Grover By Grover v. Eli Lilly and Co.*, 33 F.3d 716, 719 (6th Cir.1994) ("At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice") (citing *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir.1984) ("If defendant has already won its case, reimbursement of fees and expenses cannot make it whole from the injury of being sued again, perhaps this time to lose")).

Other courts have reached the same result where the plaintiff has not been diligent and a defense victory is imminent, *Ratkovich*, 951 F.2d at 157–59 (the plaintiff's liability evidence never materialized and, among other things, he demonstrated a lack of diligence in pursuing his case), or simply on sanctions grounds alone. *See In re Exxon Valdez*, 102 F.3d 429, 431–32 (9th Cir.1996) (upholding F.R.Civ.P. 37–based dismissal with prejudice because plaintiffs failed to conduct discovery; "[a]llowing dismissal after the defendants had spent two and a half years and substantial amounts of money to obtain discovery would prejudice" them).

■ In the case at bar, no dilatoriness or sanctionable conduct is alleged; yet, after nearly nine years, imminent victory is now at hand for Defendants. That victory also rests with the Georgia taxpayers, who have incurred a tremendous expense in a matter which, to paraphrase Confucius, merely continued conflict and offended nature, but hardly served to heal. *See also Southern Christian Leadership Conference v. Siegelman*, 714 F.Supp. 511, 521 (M.D.Ala.1989) ("In remedying one injustice, this court may, in effect, [have] creat[ed] others"). Indeed, Plaintiffs concede that Defendants are about to prevail. *See* Brooks' 2/12/97 Brf. at 2–3 ("In light of the intervening decisions ... any of the remedies proposed by plaintiffs in this case would be precluded as a matter of law[,] even if plaintiffs prevailed on their claim that the existing system dilutes minority voting strength").

Having admitted that they cannot proceed on a liability theory which, even if viable, is tied to a remedy which itself is foreclosed as a matter of law, Plaintiffs undoubtedly appreciate that further litigation would likely expose them to sanctions. *See Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091–92 (11th Cir.1994) (imposing F.R.Civ.P. 11 sanctions against plaintiff for failing to dismiss its claim where no damages could be shown). Therefore, the Court agrees with Defendants that dismissal with prejudice is the appropriate Rule 41(a)(2) condition.

Despite this conclusion, Plaintiffs are entitled to notice of the Court's intention, as well as an opportunity to be heard in opposition and a chance to withdraw their voluntary dismissal request altogether. *See U.S. v. One Tract of Real Property*, 95 F.3d 422, 425–26 (6th Cir.1996); *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir.1995). There are, after all, significant legal consequences arising from a dismissal with prejudice. *See One Tract*, 95 F.3d at 426 (res judicata); *Horton v. TWA Corp.*, 169 F.R.D. 11, 18 (E.D.N.Y.1996) (with-prejudice determination generally strips the court of the power to require payment of defendant's attorney fees); *Nippy, Inc. v. Pro Rok. Inc.*, 932 F.Supp. 41, 45 (D.P.R.1996).[1]

Accordingly, within fifteen days of the date this Order is served upon them, Plaintiffs may refuse this Court's Rule 41(a)(2) dismissal condition and withdraw their Rule 41(a)(2) motion. Failure to timely withdraw shall constitute a binding election to accept the condition of dismissal with prejudice. *See Mortgage Guar. Ins.*, 904 F.2d at 301–02; *Unioil, Inc. v. E.F. Hutton & Co., Inc.*, 809 F.2d 548, 555 (9th Cir.1986).

## B. Class Decertification

Given their concession that Defendants will prevail, the Plaintiff representatives insist

---

1. Even in without-prejudice dismissal cases, the same prophylactic measures have been required. Hence, where the plaintiff finds the court-imposed conditions "too onerous, [he] need not accept the dismissal on those terms." 9 Wright & Miller, Fed. Prac. & Proc. Civil 2d § 2366 at 303 (1995); *id.* at 316; *see also Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir.1990); *Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 930–31 (9th Cir. 1986); *Shulley v. Mileur*, 115 F.R.D. 50, 52–53 (M.D.Pa.1987).

they can no longer adequately represent absent class members. They therefore couple their Rule 41(a)(2) motion with a motion to decertify the class in order to "protect" absent members from the binding effects of res judicata.

 Inadequate representation can justify class decertification. *See Guerine v. J & W Inv., Inc.*, 544 F.2d 863, 864 (5th Cir.1977) (where class action counsel is not adequately prosecuting suit on behalf of class, court must decertify the class); *see also Hardy v. Vought Corp.*, 1979 WL 117 at *1 (N.D.Tex.4/2/79) ("Should a court permit inadequate class representatives to prosecute a class action to a judgment, the judgment would not bind absent class members as res judicata, and, thus, the class action will have served no purpose") (citing *Grigsby v. North Miss. Med. Center, Inc.*, 586 F.2d 457, 461 (5th Cir.1978)).

 But the hallmarks of inadequate representation—self-interest or incompetence—are not present in this case. Moreover, the class representatives' fiduciary responsibility does not extend to immunizing absent members from the burdens of unsuccessful litigation. *See Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874, 104 S.Ct. 2794, 2798, 81 L.Ed.2d 718 (1984) ("A judgment in favor of the plaintiff class extinguishes their claim, which merges into the judgment granting relief. A judgment in favor of the defendant extinguishes the claim, barring a subsequent action on that claim"); *Easter v. Jeep Corp.*, 750 F.2d 520, 522 (6th Cir.1984) ("the class must accept the risks as well as the benefits involved in litigation"). Here the Plaintiffs' claims were prosecuted vigorously and competently—just not victoriously. The extensive proceedings "provided the class adequate protection of its due process rights." *Easter*, 750 F.2d at 523. Submission to an inevitable defense victory under these circumstances simply does not warrant decertification.

## C. Class Notice Under F.R.Civ.P. 23(e)

Though not raised by the parties, the Court is concerned, for res judicata purposes, whether the class itself must be notified of the proposed Rule 41(a)(2) dismissal. Rule 41(a)(*1* ), by its plain terms, protects plaintiff class members by subjecting the litigants (and the courts) to the strictures of F.R.Civ.P. 23(e).[2] *See In re Phillips Petroleum Securities Litigation*, 109 F.R.D. 602, 605–607 (D.Del.1986) (where Rule 41(a)(1) dismissal is sought, F.R.Civ.P. 23(e) authorizes the court to attach conditions to dismissal to protect the rights of nonparty members of the class); *Baker v. America's Mortg. Servicing, Inc.*, 58 F.3d 321, 324 (7th Cir.1995).

Rule 41(a)(*2*), however, is not as clear. With little analysis, several courts have applied Rule 23(e) to Rule 41(a)(2) dismissals. *See Wimber v. Dept. of S.R.S.*, 156 F.R.D. 259, 262–63 (D.Kan.1994) (granting Rule 41(a)(2) dismissal but concluding that no Rule 23(a) notice to class was necessary because absent class members would not be prejudiced); *Catherwood v. Portland General Corp.*, 1992 WL 226930 at *2 (D.Ore.6/24/92) (unpublished) (same) *Dixon v. Miller*, 599 F.Supp. 395, 396 (N.D.Ill.1984) (granting plaintiffs' Rule 41(a)(2) motion after providing notice to classes and holding a fairness hearing).

 Nevertheless, Rule 23(e)'s notice requirement does not apply to involuntary dismissals. *See* 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc.: Civil 2d § 1797 at 345 (1986) ("Inasmuch as an involuntary dismissal presumably could not involve collusion or benefit the representative plaintiffs at the expense of the remaining class members, the protection afforded by giving notice to the absentees is not required"); *Austin v. Penn. Dept. of Corrections*, 876 F.Supp. 1437, 1455 (E.D.Pa. 1995).

One way or another, that evidently will be the result here if Plaintiffs do not accept the with-prejudice condition. Arguably, no no-

---

**2.** Rule 23(e) states that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

tice would then be required[3] because Rule 23(e)'s prophylactic purpose—to protect absent class members from collusive activity between representative plaintiffs and defendants—would not be advanced. In the event that Plaintiffs accept the with-prejudice condition, both sides should brief the Court on this issue.

### III. CONCLUSION

The Court reserves ruling on Plaintiffs' motion for dismissal without prejudice (doc. # 261) pending Plaintiffs' Rule F.R.Civ.P. 41(a)(2) election (*see supra* at 550), which is to be filed within fifteen days of the date this Order is served. At that time, Plaintiffs shall also brief the F.R.Civ.P. 23(e) issue discussed *supra* at 551–552. Defendants will then have fifteen days to respond.

In the meantime, the Court's 11/27/96 Scheduling Order is *VACATED*, and Plaintiffs' motion to decertify the plaintiff class (Doc. # 261) is *DENIED*. Finally, the parties are directed to confer in good faith and devote their best efforts towards presenting this Court with a Consent Order disposing of this matter at long last.

**SO ORDERED**, this 20th day of March, 1997.

---

**3.** *See Easter,* 750 F.2d at 523–24; *Johnson v. GM Corp.,* 598 F.2d 432, 438 (5th Cir.1979) ("an absent class member is bound by the res judicata effect of a [Rule 23](b)(2) class action to the extent that the judgment concerns injunctive or declaratory relief, even when no notice was provided").