**Robert J. FOX, Plaintiff,**

v.

**GENERAL MOTORS, CORP., Defendant.**

**No. CIV.A. 3:97–CV–14.**

United States District Court, N.D. West Virginia, Martinsburg Division.

April 19, 2000.

---

Laura R. Rose, Rose & Associates, Martinsburg, WV, Mary E. Binns-Davis, Law Office of Laura Rose & Assoc., Martinsburg, WV, Terry L. Armentrout, Armentrout & Armentrout, Harrisonburg, VA, for Robert J. Fox.

Robert J. Fox, Martinsburg, WV, pro se.

Susan R. Snowden, Martin & Seibert, Martinsburg, WV, for General Motors, Corp.

Robert Trumble, McNeer, Highland & McMunn, Martinsburg, WV, for Robert Trumble.

## MEMORANDUM OPINION AND ORDER

BROADWATER, District Judge.

### I.

This matter is pending before the Court on the parties' post-trial motions. The defendant, General Motors Corporation (GM), filed a renewed motion for judgment as a matter of law (Doc. No. 113). The plaintiff, Robert J. Fox (Fox), filed a motion for judgment on the verdict and to correct clerical error in judgment (Doc. No. 115). After receiving the parties' memoranda of law, a hearing was held on October 29, 1999. For reasons set forth below, the Court concludes that the defendant's motion should be denied and that the plaintiff's motion should be granted.

### II. BACKGROUND

Fox filed this action on March 7, 1997, alleging that his employer, GM, had committed violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. This included counts alleging intentional discrimination against Fox because of a disability and alleging that GM created a hostile work environment for Fox based upon his disability.

In pre-trial motions, counsel for GM moved to dismiss Fox's hostile environment claim. GM asserted that the Fourth Circuit had not decided whether a claim for hostile environment existed under the ADA. GM also argued that the facts did not support Fox's claim. The Court denied this motion subject to review during trial.

After the first trial resulted in a hung jury, the matter was tried before a second jury on August 25–27, 1999. The Court again denied GM's motion for judgment as a matter of law on the hostile environment claim. The jury then returned a verdict which found that Fox had a defined disability and was otherwise qualified for the positions he was employed and sought. While finding that GM did not intentionally discriminate against Fox, the jury found that GM created a hostile work environment for Fox based upon his disability. The jury awarded no past lost wages, $4,000.00 for past lost overtime, $3,000.00 for medical expenses, and $200,000.00 for compensatory damages including pain, suffering, mental anguish, emotional distress, and humiliation. As the jury did not find that GM acted willfully, wantonly and maliciously in its conduct toward Fox, the Court did not further instruct on punitive damages.

The Court entered a Trial Judgment Order (Doc. No. 111) on September 2, 1999. This judgment order drafted by the Court erroneously granted the plaintiff a judgment of $204,000.00 rather than the $207,000.00 that the jury awarded. On September 10, 1999, counsel GM filed its renewed motion for judgment as a matter of law. By motion filed on September 14, 1999, counsel for Fox moved to correct this clerical error in the judgment order.

### III. DISCUSSION

#### A. RELEVANT LEGAL STANDARDS

Under FED. R. CIV. P. 50(b) the standard for granting a motion for judgment as a matter of law is stringent. Judgment as a matter of law is only appropriate where "the record is 'critically deficient of that minimum quantum of evidence from which the jury might reasonably afford relief.'" Fineman v. Armstrong World Indus., Inc., 980 F.2d 171, 190 (3d Cir.1992) (citing

*Link v. Mercedes–Benz of North America, Inc.,* 788 F.2d 918, 921 (3d Cir.1986)).

A motion pursuant to FED. R. CIV. P. 50(b) "should be granted if a district court determines, without weighing the evidence or considering the credibility of the witnesses, that substantial evidence does not support the jury's findings." *Konkel v. Bob Evans Farms, Inc.,* 165 F.3d 275, 279 (4th Cir.1999); *see also White v. Newberry,* 985 F.2d 168, 172 (4th Cir.1993). Further, "[t]he movant is entitled to judgment as a matter of law 'if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof.'" *Price v. Charlotte,* 93 F.3d 1241, 1249 (4th Cir. 1996) (citing *Bryan v. James E. Holmes Reg'l Med. Ctr.,* 33 F.3d 1318, 1333 (11th Cir.1994)). Also, judgment pursuant to Rule 50(b) is proper when "there can be but one reasonable conclusion as to the proper judgment." *Chaudhry v. Gallerizzo,* 174 F.3d 394, 405 (4th Cir.1999) (citing *id.*).

## B. *ADA AND HOSTILE WORK EN- VIRONMENT*

While GM submitted objections to several areas of the verdict, its main argument is that the Fourth Circuit has not addressed the question as to whether or not a claim exists under the ADA for a hostile work environment. Counsel for GM requests that the Court set aside the verdict and apply the law that existed at the time that the case was decided.

Counsel for GM acknowledges that other circuits have addressed the possibility of a claim for hostile work environment under the ADA, but submits that none have definitively recognized a hostile environment claim predicated on violations of the ADA. *Schwertfager v. Boynton Beach,* 42 F.Supp.2d 1347 (S.D.Fla.1999). Several circuits have assumed the existence of such a claim only for purposes of appellate review. *Baumgart v. Washington,* No. 98–35172, 1999 WL 535795, at *1 (9th Cir. July 23, 1999) (assuming without deciding that a claim for hostile work environment exists under the ADA and affirming dis-

missal of the plaintiff's claim because of a failure on the part of the plaintiff to identify particular statements or incidents of harassment sufficiently severe or pervasive to alter the conditions of employment); *Anthony v. Clinton,* No. 98–6188, 1999 WL 390927, at *3 (10th Cir. June 15, 1999) (noting that the Tenth Circuit has not previously recognized a hostile work environment claim under the ADA; that other circuits have acknowledged such a claim only for the sake of argument; and that they too would assume without deciding that such a claim exists only for the sake of argument); *Walton v. Mental Health Ass'n of Southeastern Pennsylvania,* 168 F.3d 661 (3d Cir.1999) (assuming, without deciding, that a cause of action for hostile work environment exists under the ADA and affirming the rejection of the plaintiff's hostile work environment claim because the alleged harassment was not sufficiently severe or pervasive); *Wallin v. Minnesota Dep't of Corrections,* 153 F.3d 681 (8th Cir.1998) (assuming without deciding that such a cause of action exists and affirming summary judgment against the plaintiff on that claim); *McConathy v. Dr. Pepper/Seven Up Corp.,* 131 F.3d 558 (5th Cir.1998) (noting that the Fifth Circuit has never recognized a claim for hostile work environment under the ADA and holding that even if such a claim is assumed for the sake of argument, the plaintiff failed to allege sufficiently pervasive disability-based harassment so as to state a claim upon which relief may be granted).

The decision of *Keever v. Middletown,* 145 F.3d 809 (6th Cir.1998), implicitly recognized an ADA hostile work environment claim. However, the Sixth Circuit sustained the trial judge's award of summary judgment finding that the plaintiff failed to present sufficient evidence to create a genuine issue of material fact regarding whether he was constructively discharged. The Court in *Keever* held that to maintain a hostile environment ADA claim, the plaintiff would have to show that "working conditions would have been so difficult or unpleasant that a reasonable person in the

employee's shoes would have felt compelled to resign." *Id.* at 813; *Easter v. Jeep Corp.*, 750 F.2d 520, 522–23 (6th Cir. 1984).

As GM argues, the Supreme Court has not addressed the question as to whether or not the ADA supports a claim for hostile work environment. However, the Supreme Court has held that language in Title VII, which is almost identical to the language in the ADA, creates a cause of action for a hostile work environment. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 180, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). In addition, the Third Circuit recognized that

> [i]n the context of employment discrimination, the ADA, ADEA and Title VII all serve the same purpose-to prohibit discrimination in employment against members of certain classes. Therefore, it follows that the methods and manner of proof under one statute should inform the standards under the others as well. Indeed, we routinely use Title VII and ADEA caselaw interchangeably, when there is no material difference in the question being addressed.

*Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 157 (3d Cir.1995).

■ This framework indicates that a cause of action for harassment exists under the ADA. As well, in the unpublished *per curiam* opinion of *Shiflett v. GE Fanuc Automation Corp.*, No. 97–1687, 1998 WL 386116 (4th Cir. June 19, 1998), the

Fourth Circuit appeared to recognize the claim of ADA hostile work environment. The Court in *Shiflett* held that

> [t]o make out a claim of disability harassment, Shiflett must show that the acts of Fanuc's employees were severe and pervasive enough to create a hostile working environment, and that some basis exists to impute liability to the employer. *See Amirmokri v. Baltimore Gas and Electric Co.*, 60 F.3d 1126, 1130 (4th Cir.1995) (discussing national origin harassment); *Paroline v. Unisys Corp.*, 879 F.2d 100, 105 (4th Cir.1989), vacated in part on other grounds, 900 F.2d 27 (4th Cir.1990) (en banc) (sexual harassment); *Dwyer v. Smith*, 867 F.2d 184, 187 (4th Cir.1989) (sexual harassment). Although the question whether harassment is sufficiently severe or pervasive is quintessentially a question of fact, *Beardsley v. Webb*, 30 F.3d 524, 530 (4th Cir.1994), where the conduct is neither sufficiently severe nor pervasive to create an environment that a reasonable person would find hostile or abusive, summary judgment is appropriate. *See Hopkins v. Baltimore Gas and Elec. Co.*, 77 F.3d 745, 753 (4th Cir.1996).

*Id.* at *4.[1] The Court in *Shiflett*, however, did affirm the district court's grant of summary judgment in favor of the defendant. *Id.* at *7.[2]

The U.S. District Court for the District of New Jersey recently affirmed a jury verdict of $227,000 to a mentally disabled

---

1. In *Miller v. Runyon*, 88 F.Supp.2d 461 (M.D.N.C.2000), the court assumed a claim of hostile work environment is cognizable within the context of the Rehabilitation Act. *Id.* at 466–468. After setting forth the elements of a hostile work environment claim, the court concluded that the plaintiff's claims, following the filing of the EEO complain, were not properly before the court *Id.* at 467–468.

2. The Eastern District of Virginia, in *Mannell v. American Tobacco Co.*, 871 F.Supp. 854 (E.D.Va.1994), recognized that a claim of hostile work environment may be actionable under the ADA. *Id.* ("To state a claim of unlawful harassment, the plaintiff must prove that the harassment creates an objectively hostile

or abusive work environment and that the putative victim subjectively perceives the environment to be abusive.") (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). However, in that case, the Court held that because plaintiff was not a "qualified individual" within the meaning of the ADA, plaintiff could not "make out a claim for discriminatory harassment in violation of the ADA." *Id.* at 861; *see also Davis v. York Int'l, Inc.*, No. HAR 92–3545, 1993 WL 524761, at *9–10 (D.Md. Nov.22, 1993) (considering plaintiff's claim of hostile work environment and concluding "that plaintiff has alleged sufficient facts to set forth a claim for unlawful harassment based on her disability in violation of the ADA.").

employee in one of the first plaintiff's verdicts in an ADA hostile work environment case. *Lanni v. New Jersey*, Civ. No. 96–3116 (D.N.J.) (Memorandum Order entered June 8, 1999). The case proceeded to trial before the district court based upon a prior ruling of a magistrate judge. *Lanni v. New Jerssey*, 177 F.R.D. 295 (D.N.J.1998). The Magistrate Judge held that

> [i]n order for a plaintiff to establish a hostile work environment under the ADA, he or she must show that: (1) the employee is a member of a protected class, (2) the employee was subjected to unwelcome harassment, (3) the harassment was based on the protected characteristic and (4) the harassment affected a term or condition of employment.

*Id.* at 304 (citing *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 66, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); *Andrews v. Philadelphia*, 895 F.2d 1469, 1482 (3d Cir.1990)).

In the trial of this case, Fox testified as to specific derogatory comments made by his supervisors. These comments included referral to him as a cripple, that he did not want to work, and that his light duty section was the "911 crew." Fox called six co-workers to substantiate these comments and other discriminatory conduct. Based upon this testimony, the Court instructed the jury concerning the elements required to prove a claim of hostile work environment. This generally included the requirements of proof that Fox was a qualified individual with a disability, that he was subject to unwelcome harassment, that the harassment was based on his disability, that the harassment was sufficiently severe or pervasive, and that GM knew or should have known about the harassment.

After considering the testimony and the Court's instructions, the jury rejected claims of intentional discrimination but found for Fox on the hostile work environment claim. After a review of the record, the Court concludes that the jury had a factual basis to find for the plaintiff. Their rejection of intentional discrimination and wilful and wanton claims by Fox for punitive damages indicates a mature and reflective review of all of the trial evidence in the case. Therefore, the Court concludes that the defendant's motion should be denied and that the jury's verdict should be affirmed.

Counsel for Fox also filed a motion to correct the clerical error in the judgment order. Counsel for GM concedes that the Court in its verdict order simply mistyped the actual finding by the jury. However, counsel for GM argues that Fox failed to timely raise this issue. The Court, after reviewing the record, concludes it was filed timely and that the Court, *sua sponte*, has the authority to correct the judgment order pursuant to FED.R.CIV.P. 60(a).

The Court, therefore,

**ORDERS**

1. That the defendant's motion for judgment as a matter of law (Doc. No. 113) be **DENIED**.

2. That the plaintiff's motion to correct clerical error in judgment order (Doc. No. 115) be **GRANTED**.

3. That the Trial Judgment Order is hereby **AMENDED** to reflect a total judgment against GM in the sum of $207,-000.00.